UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>            Plaintiff,<br><br>    v.<br><br>ROSEVILLE POLICE DEPARTMENT,<br><br>            Defendant. | No. 2:18-cv-1109 DB P<br><br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is now before the Court for screening.

**I.    Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of

substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

**III.    Plaintiff's Allegations**

Plaintiff accuses defendant Officer T. Eastman of the Roseville Police Department of arresting plaintiff on December 23, 2003, after entering his home without a warrant and without exigent circumstances. Plaintiff then claims that he was kidnapped, punched and kicked by the defendant on the way to the car, and falsely convicted of a misdemeanor. Plaintiff accuses defendant of violating his rights under the Fourth and Fourteenth Amendments. He seeks $400,000,000.00 in damages.

**IV.    Discussion**

Plaintiff's complaint is clearly untimely. For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). However, this limitations period is statutorily

tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Plaintiff claims defendant violated his constitutional rights in 2003, but plaintiff did not initiate this case until 2018. Defendant's conduct thus predates the filing of this action by 15 years, well beyond the statute of limitations.

Apparently recognizing that this action is untimely, plaintiff asserts that he is "recovering from severe brain damage from 1988, so I very recently realized that my 14th Amendment right was violated, and I'm filing this suit." First Am. Compl. at 5. Plaintiff appears to argue that his delay in bringing suit is excusable because he only recently learned the legal basis of his claim even though his allegations make clear that he was aware of his injury and the factual basis of the claim 15 years ago.

The accrual date of a § 1983 claim is a matter of federal law, "governed by federal rules conforming in general to common-law tort principles." Wallace v. Kato, 549 U.S. 384, 388 (2007). The general common law principle is that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury. Gregg v. Hawaii, Department of Public Safety, 870 F.3d 883 (9th Cir. Aug. 29, 2017) (internal citations omitted). See also TRW Inc. v. Andrews, 534 U.S. 19, 27 (2001) (observing that "lower federal courts generally apply a discovery accrual rule when a statute is silent on the issue" (internal quotation marks omitted)); Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999) (as amended) ("[T]he discovery rule has been observed as a matter of federal law."). A plaintiff "must be diligent in discovering the critical facts." Bibeau, 188 F.3d at 1108. A cause of action accrues even if "the full extent of the injury is not then known." Wallace, 549 U.S. at 391 (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–27 (1991)).

As noted, plaintiff accuses defendant of entering his home without a warrant on December 23, 2003, and then assaulting him on the way to the police car. Since plaintiff was aware of his injuries on that date, plaintiff's claims accrued on that date under federal law. It is immaterial that

3

he later learned of the specific legal claim that could be asserted. Accordingly, plaintiff will be directed to show cause why this case should not be dismissed as untimely.

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff shall show cause within fourteen days from the date of this Order why this case should not be dismissed as untimely.

Dated:  June 3, 2019

[signature]
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

.

/DLB7;
DB/Inbox/Substantive/hume1109.scrn 1AC

4