UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES, | No. 2:18-cv-1109 DB P |
| Plaintiff, | |
| v. | ORDER AND |
| ROSEVILLE POLICE DEPARTMENT, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

On June 3, 2019, the Court screened plaintiff's first amended complaint ("FAC") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and ordered plaintiff to show cause why this action, which is premised on conduct occurring in 2003, should not be dismissed as untimely. (ECF No. 18.) In his response to the Court's order (ECF No. 20), plaintiff claims that he could not have filed sooner because he was "incapacitated by mental illness" and is "100% disabled by both brain damage and also severe mental illness, ie, scitzophrenia [sic] because I hear voices as a result of brain damage." Plaintiff's pleading and his response to the Order to Show Cause ("OSC") reveal that he is not entitled to equitable tolling. Accordingly, the Court will recommend that this action be dismissed as untimely.

**I.      Plaintiff's Allegations**

Plaintiff's allegations in the FAC may be fairly summarized as follows:

On December 23, 2003, defendant Officer T. Eastman of the Roseville Police Department arrested plaintiff in his home without a warrant and without exigent circumstances in violation of plaintiff's Fourth Amendment rights. This arrest, which was for being under the influence of a controlled substance, amounted to "double jeopardy" because plaintiff had just been arrested several hours earlier for the same conduct.

While Officer Eastman was taking plaintiff to the patrol car, he noticed that plaintiff was limping badly, a condition that plaintiff attributes to paralysis on his left side "from brain damage." Seeing the limp, Officer Eastman pushed plaintiff to the ground and kicked him several times.

Following his arrest, plaintiff was charged with and convicted of violating Penal Code § 11550, Use or Under the Influence of a Controlled Substance. As a result, he was jailed for several months, but the conviction was ultimately expunged in 2012.

Plaintiff seeks $400,000,000.00 in damages for violations of his constitutional rights and the ADA.

**II.     Legal Standards**

For § 1983 claims, which lack a specified statute of limitations, "the federal courts look to the law of the state in which the cause of action arose and apply the state law of limitations governing an analogous cause of action." Pouncil v. Tilton, 704 F.3d 568, 573 (9th Cir. 2012) (citation omitted). "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). This limitations period is statutorily tolled for another two years for prisoners serving less than a life sentence, resulting in a total limitations period of four

years. See Cal. Civ. Proc. Code § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

For ADA claims, there is a slightly longer limitations period of three years. Sharkey v. O'Neal, 778 F.3d 767, 772-73 (9th Cir. 2015). That period, when coupled with California Code of Civil Procedure § 352.1, provides up to a five-year statute of limitations for ADA-related claims.

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

**III. Discussion**

Applying the above legal standards, plaintiff's claim accrued on December 23, 2003, on the date when he was arrested and injured by Officer Eastman. The statute of limitations expired on his § 1983 claims four years later, on December 23, 2007, and on his ADA claim five years later, on December 23, 2008. Even assuming some portion of that time period was tolled during the pendency of the criminal proceeding against him, this case, which was filed on May 3, 2018, is, on the face of the pleading, time-barred.

Apparently aware of the untimeliness of this action, plaintiff asserts in the pleading that he is "recovering from severe brain damage from 1988, so I very recently realized that my 14th Amendment right was violated, and I'm filing this suit." FAC at 5, 6. At the pleading stage, a district court may dismiss a claim only if the assertions of the complaint, read with the required liberality, would not permit a plaintiff to provide that the applicable statute of limitations was tolled. Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (citation omitted).

Liberally construing the assertions in the complaint, the Court concludes that they would not permit tolling of the statute of limitations. This is because, even if plaintiff did suffer brain damage in 1988—fifteen years before the incident underlying this action—and he indeed only recently learned of the legal basis of his claim, the allegations in the pleading, as well as the

3

documents referenced therein and submitted by plaintiff, nonetheless demonstrate that plaintiff was aware of his injury when it occurred. Under federal law, a cause of action accrues even if "the full extent of the injury is not then known." Wallace v. Kato, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526–27 (1991)). In that regard, plaintiff's allegations demonstrate that he was aware of the factual basis of his claim on the date of the incident. He alleges, for example, that defendant entered his home without a warrant on December 23, 2003; that exigent circumstances did not exist for the misdemeanor charge; that plaintiff had already been arrested several hours earlier for methamphetamine use; that plaintiff had not smoked any additional meth since his last arrest; that defendant's arrest amounted to "double jeopardy," a claim that plaintiff conveyed to defendant in the moment and that was memorialized in the defendant officer's police report (see Ex. at 1 [ECF No. 16]; and that defendant tripped and struck plaintiff upon taking him to the police car. These allegations highlight that plaintiff was aware of the factual basis of his claim at the time they occurred notwithstanding any brain injury. It is thus immaterial that plaintiff later learned of the specific legal claims that could be asserted against defendant.

      Now, in his single-page response to the OSC, plaintiff again references the 1988 brain injury as the reason for the late-filing, claiming that he has been receiving social security benefits since then and that the brain injury has caused "several mental illness, ie, schitzophrenia [sic] because I hear voices as a result of brain damage." (ECF No. 20.)

      Under California law, equitable tolling is statutorily authorized for any period of time that a party is "lacking the legal capacity to make decisions," provided such disability existed "at the time the cause of action accrued." Cal. Civ. P. Code § 352(a) (2019); see also Cal. Civ. P. Code § 357 ("No person can avail himself of a disability, unless it existed when his right of action accrued."). As previously worded, the statute accorded tolling for the period of time that a party was "insane." Cal. C. Civ. P. § 352 (2013). "The term 'insane' has been defined as a condition of mental derangement which renders the sufferer incapable of caring for his property or transacting business, or understanding the nature or effects of his acts." Hsu v. Mt. Zion Hospital, 259 Cal. App. 2d 562, 571 (1968) (citations omitted). "[T]he basic question to be resolved . . . is

whether the allegedly insane plaintiff is sufficiently aware of the nature or effects of his acts to be able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action. If he is so aware, then the statute will begin to run against him." Id. at 575.

Nothing in the pleading or in plaintiff's response to the OSC calls into question plaintiff's ability to transact his personal affairs or to understand the institution of a legal action. While he alleges that he suffered from schizophrenia as a result of his brain injury, it is worth noting that even a person who is considered mentally ill for commitment purposes may nevertheless be capable of transacting business and carrying out his or her affairs, either during occasional lucid intervals or throughout hospitalization. Hsu, 259 Cal. App. 2d at 573-74. Plaintiff's submissions lack specific facts showing how the schizophrenia or the 30-year old brain injury precluded plaintiff from bringing his claims earlier. See Gentry v. eBay, Inc., 99 Cal. App. 4th 816, 824 (2002) ("Where the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense.") (internal citation omitted).

Moreover, while plaintiff asserts that he only recently recovered from the 1988 "severe brain damage [and injury]," he admits facts in the FAC that demonstrate that he actually understood and transacted business well before he initiated this case in 2018. For example, he alleges that "*I did have* this misdemeanor 11550, (PC), expunged on 4-11-2012!" and that "*I won* expungement of this PC 11550 on 4-11-2012!" See FAC at -43 (emphases added). These allegations reveal that plaintiff was able to pursue a legal claim as early as 2012, and that neither the brain injury nor related schizophrenia rendered him so unable to understand the nature or effects of his acts such that he couldn't bring his claims sooner.

Therefore, to the extent then that plaintiff wishes to rely on this tolling provision, his complaint is insufficiently plead to show that he lacked legal capacity for purposes of § 352(a).

**V.     Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Order to Show Cause is vacated;
2. The Clerk of Court shall assign a district judge to this case; and

5

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice as untimely.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: August 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/hume1109.fr dism